[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11951
Non-Argument Calendar
_____

D.C. Docket No. 8:19-cv-02603-VMC-AEP


JULIO J. VALDES,
M.D., P.A., a Florida corporation,

                                                              Plaintiff-Appellant,

versus

CUSTOMERS BANK, INC.,
a Foreign Profit corporation,

                                                              Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 5, 2020)

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR and BRASHER, Circuit
Judges.

PER CURIAM:

Julio Valdes, M.D., P.A., appeals the dismissal of its amended complaint against Customers Bank, Inc. Valdes complained that the bank violated Article 4A of the Uniform Commercial Code, as adopted by Florida, by accepting $384,882.34 in wire transfers made payable to Valdes that its office manager, April Urling, misrouted to her personal account at Customers Bank. *See* Fla. Stat. § 670.207(2). Customers Bank moved to dismiss for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). The district court dismissed the amended complaint with prejudice for failing to cure deficiencies identified in its order dismissing the original complaint without prejudice. We affirm.

After Customers Bank removed the action from a Florida court, 28 U.S.C. § 1332(a), the district court ruled that Valdes failed to plausibly allege that the bank improperly accepted the wire transfers, *see* Fed. R. Civ. P. 12(b)(6). The district court explained that Valdes "misread[]" "Florida Statutes §§ 670.201 and 670.204 . . . [to] require[] [Customers Bank] . . . to detect errors in payment orders" and that the provisions allowed banks "to rely on the account number listed in the payment orders as identification of the intended beneficiary" unless the banks actually knew of a mismatch. *See* Fla. Stat. § 670.207(2). The district court dismissed the complaint because Valdes made "no allegation that any individual person at Customers Bank was ever aware of [a] mismatch" or that the bank

2

"failed to exercise due diligence in maintaining reasonable routines for the communication of such information."

To determine whether Valdes's amended complaint plausibly alleges that the bank improperly accepted the wire transfers, we accept its allegations as true and view them in the light most favorable to Valdes. *See Isaiah v. JPMorgan Chase Bank*, 960 F.3d 1296, 1302 (11th Cir. 2020). Valdes alleged that its long-time employee, Urling, opened an account at Customers Bank and then instructed Valdes's claims settlement service to have two insurers send wire transfers made payable to Valdes to her personal account. Valdes alleged that the wire transfers "identif[ied] [Valdes, not Urling,] as the Payee" and "provided . . . [Valdes's] T[ax] I[dentification] N[umber]" instead of Urling's social security number and that Customers Bank violated "policies, procedures and internal controls . . . [intended] to detect and deter money laundering and the financing of criminal activity" by failing to detect Valdes's fraud. Valdes alleged that "Customers Bank knew that the name and [tax identification number] of the intended Payee . . ., the Medical Practice, did not match the Urling Customers Bank Account number"; that the bank "knew that Ms. Urling was not entitled to receive the payments"; and that the bank failed "to exercise due diligence in maintaining reasonable routines to monitor the [wire] transfers."

3

The district court ruled that Valdes's amended complaint, "like the initial complaint," "failed to plausibly plead that Customer Bank violated Article 4A in accepting the transfers." *See* Fed. R. Civ. P. 12(b)(6). The district court ruled that, despite "emphasis [placed] on the medical practice's [tax identification number] and its status as a business entity," the amended complaint failed to state how the bank had actual knowledge of the discrepancy between the account number and payee named on the payment orders or how the bank violated "the due diligence standard which applies to funds transfers under Article 4A."

Florida adopted Article 4A of the Uniform Commercial Code, which governs the transfer of funds. Fla. Stat. § 607.102. To make wire transactions more accurate and efficient, banks may process transactions using automated means. *See id.* § 670.207 cmt. n.2. A bank may accept a wire transfer using the account number identified on the payment order unless the bank knows that the account number does not match the named payee. *Id.* § 670.207(2). The statute states that:

> If a payment order received by the beneficiary's bank identifies the beneficiary both by name and by an identifying or bank account number and the name and number identify different persons, the following rules apply:
>
> > (a)  . . . [I]f the beneficiary's bank does not know that the name and number refer to different persons, it may rely on the number as the proper identification of the beneficiary of the order. The beneficiary's bank need not determine whether the name and number refer to the same person.

4

(b) If the beneficiary's bank . . . knows that the name and number identify different persons, no person has rights as beneficiary except the person paid by the beneficiary's bank if that person was entitled to receive payment from the originator of the funds transfer. If no person has rights as beneficiary, acceptance of the order cannot occur.

The term "know" means "actual knowledge" as determined "[f]rom all the facts and circumstances known to [it] at the time in question . . . ." *Id.* § 671.201(25)(c). Knowledge exists concerning "a particular transaction . . . when it is brought to the attention of the individual conducting that transaction" or "when it would have been brought to the individual's attention if the organization had exercised due diligence." *Id.* § 671.201(27). An organization "exercises due diligence if it maintains reasonable routines for communicating significant information to the person conducting the transaction and there is reasonable compliance with the routines." *Id.*

The district court did not err by dismissing Valdes's complaint. Valdes alleged no facts from which the district court could draw a reasonable inference that Customers Bank improperly accepted the wire transfers for Urling. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Customers Bank could accept the wire transfers so long as it "[did] not know" that Urling's account number did not "refer to" the named payee, Valdes. *See* Fla. Stat. § 670.207(2)(a). Valdes's conclusory allegations that Customers Bank knew of the discrepancy were insufficient to

5

"nudge[ ] [Valdes's] claim[] across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). And Valdes never alleged that Customers Bank had actual knowledge of the discrepancy. Valdes identified no occasion when a bank employee was aware of or was told that Urling's account number did not refer to Valdes. *See* Fla. Stat. § 671.201(27). Nor could the bank have known of the discrepancy from the face of the payment orders because they were processed using an automated system that read only the number of the designated bank account. *See id.* § 670.207 cmt. n.2. Valdes also alleged no facts to establish that Customers Bank failed to exercise due diligence. *See id.* § 671.201(27). Customers Bank "maintaine[d] [a] reasonable routine[]," *id.*, in which its automated processing system "rel[ied] on the [account] number as the proper identification of the beneficiary of the order," *id.* § 670.207(2)(a). Valdes alleged that Customers Bank did not comply with security procedures, but Valdes never alleged how monitoring Urling's account for suspicious or structured transactions would have revealed that her account number did not match the payee named on the transfer orders. Because Valdes alleged no facts to establish that Customers Bank knew that the account number did not match the name on the payment orders, the district court correctly dismissed on the ground that the amended complaint failed to state a plausible claim for relief.

We **AFFIRM** the dismissal of Valdes's amended complaint.

6